IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD M. WISEMAN,

Plaintiff,

v.

CHEVRON LUB OIL; MIKE LONG; JAMES MASON,

Defendants.

No. C 18-3866 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. 1983 alleging that defendants caused him to suffer an accident in the workplace and improperly terminated his employment. Defendant Chevron Lub Oil is his former employer, and defendants Mike Long and James Mason are also employed there. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.    LEGAL CLAIMS**

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Private companies and private citizens, such as defendants, are not state actors who may be sued under Section 1983. Plaintiff's claims that defendants caused him to suffer an accident in the workplace and then improperly terminated him fall under state law, moreover. As such, plaintiff must bring his claims in state court.

## CONCLUSION

For the reasons set out above, this case is **DISMISSED**. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October  16  , 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE